**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

———————————

TONI C. DeBACA,

     Plaintiff,

v.                                     Civil No. 03cv00529 WPJ/RLP

ALBINO VARELA and ERISELDA VARELA,
as Husband and Wife,

     Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING**
**MOTION TO REMAND TO STATE COURT**

THIS MATTER comes before the Court upon a Motion to Remand to State Court, filed by Intervenor Defendants Balbina Varela Armijo, Dorothy Varela and Corine Varela Roybal (collectively referred to as the "Armijo Defendants" or "Intervenors") on May 27, 2003 **(Doc. 2)**. Having considered the parties' briefs and the applicable law, I find that Intervenors' motion is well-taken and will be granted.

This quiet title action was removed from the Fourth Judicial District Court on May 5, 2003. The case is posturally different from the usual removal case because here the Plaintiff filed the removal. The Armijo Defendants filed an Amended Motion to Intervene in state court prior to Plaintiff's removal of the case.[1] The state court did not rule on the motion. Plaintiff states that she stipulated to the motion to intervene in writing on May 5, 2003 and filed for removal on May 25, 2003. According to Intervenors, Plaintiff would consent to intervention only if the case was

———————————

[1]   A copy of the motion to intervene is attached to the Notice of Removal.

removed to federal court. Defendants seek remand on several grounds, which I address in turn.

***Legal Standard***

Federal court jurisdiction is to be strictly construed.  Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941).  "[T]here is a presumption against removal jurisdiction." Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995) (citation omitted). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). A party seeking to remove a case to federal court has the burden of demonstrating the existence of federal jurisdiction. Martin v. Franklin Capital Corp., 251 F.3d 1284, 1290 (10th Cir. 2001).

## Discussion

Removal is based on a plaintiff's complaint at the time of removal. Metro Ford Truck Sales, Inc., v. Ford Motor Co., et al.,145 F.3d 320, 326 (5th Cir. 1998) (for purposes of original and removal jurisdiction, federal question must be presented by plaintiff's complaint as it stands at the time the petition for removal is filed); Caterpillar v. Williams, 482 U.S. 386, 392 (1987) (federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint).  There is no section in the removal statute that provides for removal by a plaintiff. See §28 U.S.C.  1441; Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 107 (1941).  It is well-established that a plaintiff does not have a right of removal. Duckson, Carlson, Bassinger, LLC v. The Lake Bank, N.A..,139 F.Supp. 2d 1117, 1119 (D.Minn. 2001) (Congress did not intend for plaintiffs to have a right of removal); Hamilton v. Aetna Life & Cas. Co., 5 F.3d 642 (2nd Cir.1993).

Plaintiff does not dispute that only a defendant can remove, but rather contends that her

right to removal arose when she agreed to the Armijo Defendants' intervention and became a
third-party defendant. The question here is whether a plaintiff becomes a defendant for right of
removal purposes by becoming a third-party-defendant and having a counterclaim asserted against
him. Courts are split on whether "defendants," in the context of § 1441(a), means only defendants
joined in the original complaint.  The majority view is that the determination of who is a defendant
is made with reference to the original complaint, not subsequent complaints, and does not include
third-party defendants.  See Schmidt v. Association of Apartment Owners of Marco Polo Condo.,
780 F.Supp. 699, 702 (D.Haw.1991) (citing cases). Thus, it is not surprising that the majority of
courts have determined that a third-party claim can never be the basis of removal.  See, Thomas v.
Shelton, 740 F.2d 478 (7th Cir.1984) (noting the majority view that third- party defendants may
not remove under 28 U.S.C. §1441(c) but refusing to rule that a third-party defendant could
never remove a case, without discussing what might be an appropriate case for removal), cited in
Radio Shack Franchise Dept, v. Williams et al., 804 F.Supp. 151, 152 (D.Kan. 1992); Coren v.
Cardoza,139 F.R.D. 561 (D.C.Mass.1991) (noting the First Circuit has not addressed the issue as
to whether a third-party defendant may remove a case under §§ 1441(a) and 1441(c) when the
original action is not removable, but nevertheless finding that third-party defendant's attempt to
remove in case at bar was improper); Lewis v. Windsor Door Co., 926 F.2d 729, 733 (8th
Cir.1991) (holding that in almost all third-party cases, third-party defendant may not remove
under § 1441(c)), cited in Duckson,,139 F.Supp. 2d at 1118; see also 14C Charles Wright, Arthur
Miller & Edward Cooper, Federal Practice and Procedure, § 3731 (3rd ed.1998) (stating plaintiffs
cannot remove, even when they are in the position of a defendant with regard to a counterclaim
asserted against them).

The Tenth Circuit has not addressed the question, but a District of Kansas case notes that the majority view comports with the "established general principles of strictly construing removal statutes and resolving any doubts in favor of remand." Elkhart Co-op Equity Exchange v. Day, 716 F.Supp. 1384 (D.Kan.1989), cited in Radio Shack, 804 F.Supp.2d at 153. The few courts which allow removal by third-party defendants allow it only if the removal is based on a cause of action in the third-party complaint that is "separate and independent" from the other claims in the case pursuant to § 1441(c). See, e.g., Carl Heck Engineers v. Lafourche Parish Police Jury, 622 F.2d 133, 136 (5th Cir.1980), cited in Duckson, Carlson, Bassinger, LLC v. The Lake Bank, N.A.,139 F.Supp. 2d at 1118.  In this case, Intervenor's complaint is not "separate and independent."  The third-party claim essentially adds a new layer of individuals who are claiming title devolving from a federal land patent in the same property, or a parcel of the same property, that was the subject of the original litigation.  Thus, even if this Court were to follow the minority view, Plaintiff's removal would be improper since the claims which form the basis for the removal are not "separate and independent" from the original claims.  Regardless of whether the claims by Intervenors against Plaintiff are separate and independent from the original claims, I find the reasoning applied in the cases which espouse the majority view to be the more persuasive, and therefore conclude that Plaintiff's removal was improper.

***Federal Question***

Even if a statutory basis existed for Plaintiff's removal, Intervenors' motion would still be granted because no federal jurisdiction exists, either in the original complaint or in the Intervenors' complaint. A claim arises under federal law within 28 U.S.C. §1331 if it is apparent from the face of the complaint either that (1) a federal law creates the plaintiff's cause of action; or

4

(2) if a state law creates the cause of action, a federal law that creates a cause of action is a necessary element of the plaintiff's claim. <u>Merrell Dow Pharmaceuticals, Inc. v. Thompson</u>, 478 U.S. 804, 808-09 (1986).[2]

Plaintiff argues intervention raises new issues which confer federal question jurisdiction. She states that what was a "fairly straightforward action between a small group of individuals, with a limited number of issues" now involves a "large number of individuals and assertion of rights based upon a stale patent issued under federal law," and includes Plaintiff as a third-party defendant. However, it is of no consequence that title to this land happened to devolve from a federal land patent. Jurisdictional federal question is not raised merely because title to land devolves from a patent. <u>Heirs of Burat v. Bd. of Levee Commissioners of the Orleans Levee District of the State of Louisiana</u>, 496 F.2d 1336, 1339 (5th Cir. 1974) (citing <u>Oneida Indian Nation v. Oneida County</u>, 414 U.S. 661, 782 (1974)) (other citations omitted). Federal land patents are not considered "federal question" for purposes of conferring federal jurisdiction. <u>Virgin v. County of San Luis Obispo</u>, 201 F.3d 1141, 1143 (9th Cir. 2000) (noting that the view that federal land patents do not confer federal question jurisdiction has been "repeatedly reaffirmed by the Supreme Court, the Ninth Circuit, and other lower courts")[3] (citing <u>Shulthis v.</u>

_____

[2] Parties do not dispute the lack of diversity among parties.

[3] <u>San Luis Obispo</u> cites to Seventh and Ninth Circuit cases: <u>Landi v. Phelps</u>, 740 F.2d 710, 713-714 (9th Cir.1984) (holding that "the United States has no continuing interest in the property" acquired through federal land patents); <u>Standage Ventures, Inc. v. Arizona</u>, 499 F.2d 248, 249 (9th Cir.1974) ("The complaint does not allege expressly that any law of the United States is directly or indirectly involved in the dispute; it is not alone enough that appellant's title is traceable to such a law."); <u>Hilgeford v. Peoples Bank</u>, 776 F.2d 176, 178 (7th Cir.1985) (per curiam) ("It is well settled ... that a controversy regarding land has never been regarded as presenting a federal question simply because one of the parties to it has derived his title from a patent or under an act of Congress.").

McDougal, 225 U.S. 561, 570 (1912) (it is well established that "a controversy in respect of lands has never been regarded as presenting a Federal question merely because one of the parties to it has derived his title under an act of Congress")).

Plaintiff's contention that the patent relied on by the Armijo Defendants to assert title is "questionable" likewise is insufficient to provide a jurisdictional basis.  See Heirs of Burat, 496 F.2d at 1339 ("A federal question is not automatically raised because there are conflicting federal patents").  The court in Heirs of Burat mentions three cases which found that federal question jurisdiction could exist based on a federal land patent. The court found that those cases were distinguishable from the case at bar because they challenged the validity of the patent itself.  496 F.2d at 1339: U.S. v. White, 17 F.561 (C.C.Cal. 1893); Doolan v. Carr, 125 U.S. 618 (1887), and McGilvra v. Ross, 215 U.S. 70 (1909).  Those cases are distinguishable from the present case for the same reason.

While Plaintiff asserts that Intervenor's Complaint raises a question of the validity of the federal land patent on which Intervenors base their claim of title,  I do not find that the Complaint can be read as Plaintiff suggests.  Intervenors claim that the property in question is actually land that should be described as two separate tracts, and that title to one of the tracts never left the family tree of Francisco Varela and Cesaria Varela.  The Armijo Defendants lay claim to one of the tracts. I find that what remains now is an action brought to determine the property rights among a number of individuals who are now contesting title to certain land granted under a federal land patent.  Thus, Plaintiff may be correct that intervention by the Armijo Defendants has

raised new issues, but the action remains one over which this Court has no jurisdiction.[4] Also, contrary to Plaintiff's position, remand does not leave Plaintiff without a remedy, since state courts of general jurisdiction have the authority to decide land disputes, even those granted by federal land patents.  See Heirs of Burat, 596 F.2d at 1339 ("We have found no authority which requires *only* federal courts to choose between conflicting patents") (emphasis added).

*Timeliness of Plaintiff's Removal*

Intervenors also argue that even if there were a statutory basis for removal, the removal was untimely because it was filed over a year after Plaintiff was informed at the state court hearing on March 20, 2002 that she should join the Armijo Defendants to properly litigate the quiet title action.  Mot. to Remand, Ex. 2 at 5. Plaintiff contends that she timely filed the notice of removal within thirty days following her stipulation to the motion to intervene. Given that other grounds exist for remand, I need not address this issue.

**THEREFORE,**

**IT IS ORDERED** that the Motion to Remand to State Court filed by Intervenor Defendants Balbina Varela Armijo, Dorothy Varela and Corine Varela Roybal (**Doc. 2**) is hereby GRANTED for reasons stated above, and is hereby REMANDED to the Fourth Judicial District Court.

_____

UNITED STATES DISTRICT JUDGE

---

[4] As discussed above, Plaintiff's removal is improper for reasons other than the existence of federal question jurisdiction.